THE PENNSYLVANIA INSURANCE COMPANY, of Pittsburgh, Appellant, *vs.* EDWARD MURPHY, ET ALS., Respondents.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Defendants were sued as members of an organized company known as "The Saint Anthony Falls Steamboat Company," upon a contract made by the agents of the Company. The Plaintiffs offered in evidence a paper purporting to be the original articles of association of said Company, signed by a number of the Defendants; the Court refused to allow the paper to be read in evidence, upon the ground that the articles were not proved. Plaintiffs then proved the signatures of a portion of the Defendants, and dismissed as to the others. They then offered to show that after signing these articles, certain of the Defendants assumed to act in the name of the Company, contracted for the building of a steamboat, that the boat was built and accepted by certain of the Defendants, in the name of the Company, and that they gave notes in the name of the Company to secure certain deferred payments on the boat, and that one Gilbert, the Master of the boat, with the consent of

Pennsylvania Insurance Company v. Murphy et als.

Defendants, entered into the insurance contract on behalf of the Company, upon which the action is founded. This offer was refused, and the Court below dismissed the case. The articles provided "that the Board of Directors shall do the business of the Company, and shall have power to contract," &c. *Held*—(*per Flandrau, J.*) That under *Stat. of Minn.*, p. 685, *Sec.* 80, the articles were proof that they were signed or executed, until the persons by whom they purported to be signed, denied the signature or execution of the same, under oath. That there was no error in dismissing as against those Defendants whose signatures the Plaintiff could not prove. That where any number of the members of such an association assume to act for the whole and do so act *with the consent of the whole*, in any other manner than that prescribed by their articles, and the act receives the assent of the whole of the members, it is a waiver of the prescribed rule, and an adoption of the mode and manner in which it was performed. And that the Captain of the boat being one of the Company, had the power to effect the insurance in the name of the Company,

*Emmett, C. J., Contra, Holds,* That the Plaintiffs having proved that the individual members had no authority to bind the association, and that the Directors alone had power to make contracts, they (Plaintiffs) will be presumed to have been aware of that fact, until the contrary is shown, and that knowing the want of authority in Gilbert to contract, they cannot hold the Company liable without showing a subsequent assent, or recognition.

*Atwater, J., Dissenting, Holds,* That the refusal to receive the articles in evidence in the first instance, was cured by their subsequent admission. That the articles of association offered, only show the initiatory step taken towards forming the Company, while at the same time they show that certain other steps were to be taken in order to complete their organization: and that the existence of the Company, as alleged, must be proved, before the acts of the members of the Company can be shown.

Points and authorities of Appellant:

*First.*—The Court below erred in refusing to permit the original articles of association to be read in evidence by the Plaintiff, without first proving the signatures of the Defendants thereto appended. *Comp. Stat.*, p. 685, *Sec.* 80.

*Second.*—The Court below erred in refusing to permit the Plaintiff to prove the acts of the Company (The St. Anthony Falls Steamboat Company) through its members and officers, after the articles of association had been introduced in evidence.

1. The evidence then before the Court proved the existence of an association of persons doing business under the common name of "The St. Anthony Falls Steamboat Company," a co-partnership of which the Defendants were members, as alleged in the complaint—a fact, too, which was admitted in the answer of the Defendants Murphy, Russell, Stanchfield and Nash.

2. The acts which the Plaintiff offered to prove were clearly within the scope of the partnership business as defined in the articles of association, and hence were within the authority of any member of the firm to perform in the name of the Company with binding force upon the Company, and upon every member thereof. *Comp. Stats.* pp. 535–6, *Secs.* 36 *and* 38 ; *Story on Partnership, Secs.* 1 *and* 2.

3. Whether the Company had been "*organized*" or not was

wholly immaterial to third persons ; the partnership had been *formed* and that was sufficient for the Plaintiff's purpose; but the articles show upon their face (*folio* 54) that an organization had been effected.

4. Gilbert, as a member of the firm, clearly had power to insure for and in the name of the Company, and to bind the latter for the payment of the premium. *Abbott on Shipping*, *page* 107.

5. The insurance must be deemed to have been authorized by the Company, for they had accepted the boat of the builders under an express agreement that it should be insured for their (the builders) benefit, and the insurance was procured in pursuance of that agreement.

6. The offer was to show that the insurance was procured by the Defendant Gilbert, "*as alleged* in the complaint ;" that it is there alleged to have been by authority cannot admit of doubt.

7. The objection must be supported, if at all, upon the grounds specified by the Defendants at the trial. Neither of those objections is tenable.

Points and authorities of Respondents :

*First.*—The rejection of the articles of association of the St. Anthony Falls Steamboat Company, by the Court below, when first offered by Plaintiffs without any proof of the execution thereof.was correct for the reasons stated in the case.

1. As to Defendants Murphy, Russell, Stanchfield and Nash, the evidence was immaterial as it related to a fact not in issue. 1 *Minn. R.* 146.

2. If material, its execution should have been proved.

3. But granting that the decision was erroneous, it was subsequently cured by the reception of the evidence. *Barringer vs. The People,* 4 *Kernan,* 593 ; 1 *Minn. R.* 145.

*Second.*—The evidence offered by the Plaintiff in regard to the acts and agreements of several of the Defendants who had signed the articles of association, and of Gilbert in procuring the Policy to carry out that agreement, was properly excluded.

1. Such evidence was understood as referring to the acts and

consent of certain members of the Company, who, though made parties Defendant, had not answered, and of course their acts could not bind the Company or the Defendants who answered, nor could their consent render valid the acts of Gilbert as against the Company, or these Defendants without proving an organization of the Company, or their authority so to bind the Company and these Defendants.

2. If it is claimed that the evidence offered was intended as referring to the Defendants, who appeared and answered, the Plaintiff should have so distinctly specified in his offer. *Daniels vs. Patterson*, 3 *Comst.* 47; 2 *Gra. & Wat.* 669.

3. The Plaintiff at the time he made his offer, was seeking to establish the existence of the St. Anthony Falls Steamboat Company, its powers, and the agency of Gilbert derived from such Company. He had shown the articles of association, prescribing the manner of its organization, its powers, and the officers who should exercise them. The offer was made in this connexion and in reference to this point, and the Defendants made their objection and the Court its ruling upon that understanding. If this understanding was erroneous, the Plaintiff should have corrected it at the time.

4. Whether the particular point determined by the Court below was correct or incorrect, a new trial cannot be granted, because

I. The effect of the excluded testimony was to contradict the case of the Plaintiff, both as set forth in his pleadings, and as disclosed by the evidence which he had already given. 2 *Gra. & Wat. on New Trials*, 669; *Emerson vs. Andrews*, 4 *Mass. R.* 653.

II. It is clear that the rejected evidence could not have changed the result. 2 *Gra. & Wat.* 671. Nor could it have produced any legal injury to the Plaintiff. *Shorter vs. The People*, 2 *Comst.* 193.

III. Evidence rightly rejected, though upon a wrong ground, is no ground for a new trial. 2 *Gra. & Wat.* 673. So as to a ruling excepted to, in respect to a point having no possible connexion with the case, or a fact admitted by the pleadings, or outside of the issue, it being a well settled rule even upon a bill of exceptions, that an error in the Court below, which

on its face and by legal necessity could do no injury and work no prejudice, is not cause for a new trial. *Coit vs. Waples and Zirkel*, 1 *Minn. R.* 144 ; 3 *Hill R.* 195; *do* 392; 2 *do* 206 ; 23 *Wend. R.* 79; 1 *Comst. R.* 519 ; 2 *do* 193; 2 *Seld. R.* 97.

IV. In such cases the rule confining a party in the Court of review to the specific objection made in the Court below is not applicable. The true rule only prevents the party objecting at the trial to testimony on a specific ground, from urging such other objections on appeal as could or might have been obviated. *Newton vs. Harris*, 2 *Seld.* 345.

5. The complaint itself shows no cause of action against the Defendants. The action was a joint one, and a part of the Defendants being discharged operated as a dismissal against all. These points were distinctly made on the trial, and though overruled, yet if this Court deems either of them to have been well taken, a new trial cannot be granted. *Elsey vs. Metcalf*, 1 *Denio*, 326.

The facts stated in the complaint show a cause of action against Gilbert alone.

BRISBIN & BIGELOW, Counsel for Appellants.

F. R. E. CORNELL, Counsel for Respondents.

*By the Court*—FLANDRAU, J.   The first error complained of by the Plaintiff, is the rejection of the articles of association by the Court, when offered in evidence to prove the existence of the Company.   From what subsequently transpired on the trial, it is quite clear that the Court rejected them for the first reason assigned by the Defendants in their objection, *that* the articles were not proved.   This objection would have been good, had not our Statutes changed the burthen of proof in all such cases, and thrown the *onus* upon the party against whom the instrument is offered *to* disprove his signature if the paper offered purports to have been signed by him.   The provision is as follows : " Every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed, until the person by whom it purports to have been signed or executed shall deny the signa-

ture or execution of the same by his oath or affidavit." *Comp. Stats.*, *p.* 685, *Sec.* 80.  This is a very marked departure from the old land marks of evidence, but there can be no doubt that the legislature has the power to make the change, and it is not the province of the Courts in such cases to question the policy of it.  It may well be that the Plaintiff would have been compelled to show an authority and identity or to have proved the firms and signatures of those Defendants whose names appear to the articles by a partnership name ; as for instance the signature of "Tufts, Reynolds and Whittemore" would not perhaps under the statute, "purport to have been signed or executed" by the Defendants James C. Tufts, Henry Reynolds and H. W. Whittemore, but the Plaintiff would have been compelled to follow the introduction of the articles by proof that these three Defendants composed such a firm and had authorized the signature, etc., in order to bind them as members of the association; but this was no reason for rejecting the articles as against those whose signatures it did purport to bear, leaving the Plaintiff to connect those Defendants not fixed by the articles, by such proof as he may have been able to produce.  We think the Court clearly erred in excluding the papers as evidence.

Upon this ruling the Plaintiff was of course driven to proof of the signatures to the paper, and he succeeded to a certain extent, failing, however, to make proof against nine of the Defendants.  He thereupon dismissed the suit as against those Defendants, and again offered the articles, and was again met by numerous objections on the part of the Defendants, one of which was that there was no proof of the signatures of either of the Defendants answering, and further, that the action was joint and part of the Defendants had been dismissed.  The Court, however, allowed the Plaintiff to read the articles in evidence, clearly on the supposition that they had been proved, and the previous difficulty thereby removed.

The Plaintiff, after attempting to show several facts connected with the organization of the company under the articles, made the following offer:

"That directly after the signing of the articles of association above set forth, several of the Defendants who had signed

the same, assumed to act in the name of the company, and went on and contracted for the building of a steamboat to be called the "Falls City;" that the boat was built under and pursuant to that contract, and accepted by certain of the Defendants in this action, members of the company, in the name of the said company, and that to secure certain deferred payments for said boat, these members in the name of said company, gave notes payable at a future day, and stipulated by agreement in writing to secure the payment of such notes, by a policy of insurance upon the boat to be obtained by said company, in the name of said company, and assigned to some third party in trust to secure the payment of said notes. That in pursuance of that agreement the Defendant James B. Gilbert, who acted as master of said steamboat, with the consent of the Defendants, procured the policy of insurance of the Plaintiffs as alleged in the complaint and assigned the same to such third party pursuant to said agreement, to secure the said notes, also that the premium for said policy is still unpaid."

The Defendants objected to this proof on the ground that the Plaintiff must first prove an organization of the company, and authority on the part of the Defendants who acted to bind the company.

The proof was ruled out and the action dismissed by the Court.

The articles of agreement show that the object of the company was to build or purchase a steamboat to run from the Falls of St. Anthony to points below. They provide for the raising of money for this purpose. The election of officers, their various duties, &c., and article nine, provides that—

"The board of Directors shall do the business of the company and shall have power to contract for or build and furnish a steamboat for the purposes above named," &c.

Article 11 provides that "the present officers this day elected shall hold their offices until the first Monday in January, 1856, or until others are elected in their places," &c.

It was contended by the Defendants and undoubtedly so held by the Court below, that this association could only act, and be bound as an association, or bind its individual members, in

the manner provided in the articles of association, and that the proposed proof of the Plaintiff showed no authority on the part of those members who acted in building the boat and insuring her, to bind the company or the other Defendants.

A careful examination of the condition of the case and the parties at the time the offer was made, and of the offer itself, will show the error of Defendant's position. In the first place, if the Plaintiff had been allowed to introduce the articles of association when he first offered them, as he was entitled to do, he would have had the whole association as Defendants, unless some of them had disproved their signatures to the articles, or otherwise shown themselves not members; but under the theory of the case as adopted by the Defendants and the Court, no one was a member of the association, or could be held as such, until the Plaintiff had proved his connection in some other manner than by offering the articles. The Plaintiff, after proving as many of the Defendants to be members as he could, was driven to dismiss the action against the balance of the Defendants; he could not, under the ruling of the Court, retain them for any purpose, because it was distinctly ruled that the articles proved nothing against them, and as the Plaintiff failed in reaching them by other proof, of course all association between them and the other Defendants was severed, and no judgment in the case could bind them. If the Plaintiff had not dismissed as to them, the Court would have ordered them stricken from the record necessarily, under the theory of the previous rejection of the articles, and their subsequent admission after they were partially proved.

The counsel for the Defendants claim that the Plaintiffs' dismissal of the action as to those Defendants was voluntary on his part, and against their consent, and he must proceed as if he had originally commenced against them alone. This position is hardly tenable when considered with the facts of the case. The Plaintiff struggled as long as he could to hold them all, and not till he was deprived of his legitimate proof against them, and had found himself unable to supply any other did he relinquish his grasp upon them. It would be rather unfair to drive a party to such an extremity, and then complain of him for conforming himself to his narrowed limits.

I think that the Plaintiff had a right to treat the company as consisting of those members against whom he had been able to make proof, and that the Defendants could not first refuse to permit him to show the real association, and then complain of him because he did not.

This view leaves the Plaintiff with the association, for the purposes of the suit, all in court.

I will now examine the powers and obligations of the association under the articles. The Plaintiff contends that it was but a co-partnership, and any one of the members could bind the whole by acts within the scope of the objects of the concern. The Defendants claim that they could be bound only in the manner specified in the charter or articles of association, and that the Plaintiff having shown that manner by introducing the articles, could not contradict it and show that they had acted otherwise. It may well be said that an association of this character, composed as it is of numerous members, must act through agents, and that persons dealing with them ought to inform themselves of the authority under which such agents act, and that cases may arise in which the acts of agents, even if members of the association, will not bind the other members, yet I cannot conceive of any case in which a member, or any number of members of an association of this kind, assume to act for the whole, and do so act *with the consent of the whole,* where such acts could be repudiated by the association. No matter what rules they may have laid down for the government of their business, or the appointment of agents to transact it, yet an act done on behalf of the company in any other than the prescribed manner which receives the assent of the whole of the members thereof, is clearly for that particular act, a waiver of the rule, and an adoption of the mode and manner in which it was performed. I have never supposed that such provisions in the articles of association of voluntary companies were immutable, but have considered them as subject to waiver or change at the will of the members, and certainly an unanimous assent to an act is as powerful an expression of the will of the company as can be desired.

With this discussion of the powers and liabilities of the association, I will examine the scope of the offer made by the

Plaintiff after he had been permitted to introduce the articles. He offered to show that several members had assumed to act for the rest, and had built the boat, and that certain of the members had accepted it, in the name of the company, and had given notes in the name of the company to secure payments on the boat, and had agreed to secure the notes by a policy of insurance on the boat, to be taken in the name of the company and assigned, &c. Now, so far perhaps, there may be some question as to the binding effect of these acts, or the sufficiency of the offer, because it does not appear how many of the Defendants, or who, or by what authority they acted. But the offer further proposes to show that James B. Gilbert was acting as Master of the steamboat, *with the consent of the Defendants*, and that he effected this policy of insurance on the boat, and assigned it, &c., and that the premium is unpaid. Who is comprehended in that part of the offer which proposes to show that Gilbert acted as Master with the consent of the Defendants? Clearly *all* the Defendants, or in other words, the association as it would have been had the Plaintiff been allowed to show it, or the association as it stood for the purposes of the suit under the Defendant's theory. Now if the association allowed Gilbert to run this boat as their Master, they and the boat are liable for all the acts that he could legitimately perform as Master, or in other words, he was their duly constituted agent for the command of the boat, and was also a member of the association.

There being a partnership among the several members of this association, the Master being also a member, had the power to effect the insurance in the name of the firm or company, and bind them for the premium. *Abbott on Shipping, page* 107 *marginal; Hooper vs. Lusby*, 4 *Camp.* 67 ; *Robinson vs. Shadow*, 2 *Bing. N. C.* 156.

This he did, and on this premium the suit is brought, and if the Plaintiff had been permitted to prove the facts that his offer comprehended, he would have been entitled to recover.

I think the Judge erred both in excluding the articles of association, and rejecting the offer.

The order refusing a new trial is reversed, and a new trial awarded.

EMMETT, C. J.   I think the Court below erred in refusing to let the Plaintiff read in evidence the articles of association without proof of the signatures.   It seems to me that under the provisions of *Section 80, Compiled. Statutes, page 685,* proof of the signatures was not required until after they had been denied by the oaths or affirmations of the persons by whom the instrument purported to have been signed.   The prejudice to the Plaintiff's case from this ruling, is manifest throughout the record, and that prejudice was not, in my opinion, removed by the restricted use which was afterwards permitted to be made of this paper.

I think, however, had the articles of association been admitted in the first instance, that it would then have been incumbent on the Plaintiff to have shown that the contract sued upon was made in accordance with the terms of these articles; or else that the company was, at the time, ignorant of the fact that the association could contract through certain only of its officers.   Having proved that the individual members had no authority to bind the association, and that the board of directors alone had power to make contracts, the Plaintiff will be presumed, until the contrary is shown, to have been aware of that fact, when the contract of insurance was made, and cannot be said to have relied on any implied agency of the individual partners or members to bind the association.

In *Selden, Withers & Co. vs. The Bank of Commerce,* 3 *Minn. R.* 166, this Court recognized this implied agency of a co-partner to bind his associates in all things pertaining to the partnership business, but distinctly held that a person dealing with a co-partner, and knowing his want of authority, cannot hold the firm liable without a subsequent assent or recognition.

It does not appear from the pleadings who constituted the association called the St. Anthony Falls Steamboat Company, whether it was composed of fifty, or of five hundred members. The Plaintiff merely alleges that the persons named as Defendants, were members.   It was not necessary to sue all.   Any member could have been selected, and made individually liable for any debt properly contracted by the association.

In this view of the case, I think the offer, on the part of the

Plaintiff, to show what certain of the Defendants did, in the name, or on behalf of the company, was properly rejected, unless coupled with proofs that the company assented to, or ratified their acts. We might leave out of view the important fact that the Plaintiff had already shown that the Company could act through its Board of Directors only; and yet, until the Court was advised of the number of persons constituting the association, it would be impossible to determine whether it would be bound by the act, assent, approval, or ratification of the members sued. The Defendants are not sued upon their own contract, but upon the contract of the association of which they are alleged to be members ; and if we suppose that the Plaintiff had made but a half dozen of the members Defendants, which he might have done, we can readily see that the company would not be bound by their unanimous act or admission, unless they happened to constitute a majority of the Board of Directors, and acted in the premises in that capacity; nor, as the pleadings now stand, would the Defendants sued be liable for anything that was not equally binding upon the association.

It may also be observed that although the Plaintiff repeatedly states in the offer, that the several acts were done in the name of the company, there is no offer to prove that either of them were done by authority of the company. The nearest approach to this is the offer to show that Gilbert, while acting as Master of the steamboat, with the consent of the Defendants, " procured the policy of insurance of the Plaintiff *as alleged in the complaint*," pursuant to an agreement made by certain of the Defendants in the name of the company. This, the Plaintiff insists, was equivalent to an offer to show that Gilbert procured the insurance by the authority of the company. I am satisfied that had this been intended by the offer, it would have been clearly expressed, and that had it been so understood the Court would have admitted the proof. The offer, I think, refers rather to the manner of procurement, than to the authority of the person procuring it. At any rate where there is any doubt as to the meaning, it should be resolved in favor of the ruling. An offer of that kind should distinctly specify what the party proposes to prove, and should be disconnected

with any testimony that it would be improper to admit.   For I hold that if a party in a single offer proposes to prove several distinct facts, some of which are admissible, and some not, it is not error to reject the entire proposition.

ATWATER, J., *Dissenting.*—If the refusal of the Court in the first instance to receive the articles of association in evidence was error, I think it was cured by their admission afterwards. The Plaintiffs then had, if not the same benefit which they would have derived had they been admitted in the first instance, at least all they can derive from them on a new trial. For, although the Plaintiffs had dismissed their action as against some of the Defendants, the granting of a new trial could not restore the Plaintiffs to their original position as regards those Defendants.  The objection is therefore untenable as a ground for new trial.

The only point requiring consideration on this argument, is the exclusion of certain evidence in the Court below, offered by the Plaintiff's counsel.   To judge of the correctness of the ruling of the Court, on the offer made in regard to this evidence, it will be necessary to consider the pleadings, and evidence in the case at the time the offer was made.

The complaint alleges the existence (at the time the cause of action arose) of a company or association, known as "The St. Anthony Falls Steamboat Company," engaged in the business of steamboat navigation, of which company the Defendants were members.   The effecting of the insurance, and giving the note, are alleged to have been the acts of the company, (through their agent), and no liability on the part of any of the Defendants (except it may be the alleged agents) is shown, except as they were connected with this company.   The establishment of the fact, therefore, that such company as is named in the complaint, was organized and acted, lies at the very foundation of the cause of action, and without which the Plaintiffs cannot sustain the action.

To prove this fact, the Plaintiffs offered in evidence, the

original articles of association of the "St. Anthony Falls Steamboat Company." These articles purported to have been signed by the most of the Defendants, and contain provisions defining the objects of the company, the manner of its organization, the duties of the officers, how its business shall be conducted, &c. So far as this evidence goes, it was doubtless proper to be received for the purpose of establishing the fact sought to be proved, namely, the formation and organization of the company alleged in the complaint. But it was only one step towards accomplishing that object. The paper itself only shows that the persons whose names were subscribed thereto (admitting the signatures to be genuine) had agreed to associate themselves together, for the accomplishment of a certain object, to be attained by a certain course of action prescribed by the articles of association. Whether this, or any other course of action was in fact taken by the parties signing the articles towards organizing the company, the articles themselves do not show. That fact must appear from evidence *ab extra*. And until such organization is proved, the Plaintiffs fail in showing the existence of a company, or rather of *the* company described in the complaint, which is an organized company. For although such fact is not alleged in direct terms, yet from the nature of the business, the place or places where it must be transacted, and the number composing the association, it is manifestly absurd to suppose they were each personally to engage in it, aside from the provisions in the articles for an organization. The company must necessarily act through its organs, or agents, and until such manner of action is provided for, the persons signing the articles are not a company capable of doing the business named in the complaint, and consequently not actually doing the business, nor could they be made liable for the acts alleged, which are necessarily those of an organized company. And if the existence of the company be not established, it is manifestly improper to receive any evidence of the acts of persons signing the articles of association, the object of which is, to bind those and other Defendants *as a company*, and which might have the effect to bind them as a company, after it was once created and organized.

It is urged by the counsel for the Plaintiffs that " whether the company had been *organized* or not, was wholly immaterial to third persons, the partnership had been formed and that was sufficient for the Plaintiff's purpose."

Whether this statement, as an abstract proposition, may be correct or not, it is not tenable under the pleadings and proof in this action, as the same stood at the time the offer of the evidence was made.  For whatever may have been the actual relation of the Defendants to third persons by reason of their acts in the premises, the Plaintiffs had sued them as a company—an organized company, and cannot abandon that ground, and hold them responsible in some different capacity.  Nor is it true that when this evidence was offered, it had been shown that a partnership had been formed, for the only evidence offered showing a partnership (so far as appears from the record) was the original articles of association, and whether that association when completed, be termed a partnership or otherwise, we have seen above, that no proof was offered, that anything further was done under the articles than signing the same.  The terming the association a partnership, cannot change the kind or degree of proof required to fix the liability of the members, and the articles themselves only show the iniatory step taken towards forming the partnership.  For the same proof which showed the adoption of this first step, also showed that certain others were to be taken in order to the attainment of the object in view, and the Plaintiffs are not at liberty to adopt that part of the proof offered by them, to prove the agreement of the persons signing to form a company or partnership, and reject that part showing how the organization was to be perfected, much less to claim that they should not be required to furnish any evidence whatever, that the company or partnership had been organized or perfected. They may not be confined necessarily to this species of proof to establish the allegations of the complaint, but if they adopt it, they cannot complain that they should be bound by it as a whole, not claiming the benefit of such parts as may prove advantageous to themselves, and rejecting the balance.

It is further claimed by the counsel for the Plaintiffs, that the articles show upon their face that an organization had been

effected.   The article relied upon to sustain this position is the eleventh, which provides that "the officers of this company shall hold their respective offices one year, or until their successors shall be elected, and the present officers this day elected shall hold their offices until the first Monday in January, 1856," &c.   In order to give this provision the effect claimed for it, it must be held to mean that the officers were elected on that day previous to the signing the articles.   For otherwise it would only amount to an agreement or understanding among those signing the articles, that officers were to be elected, in which case it would require evidence beyond the articles themselves, to show whether the understanding was ever carried into effect.   But I do not think the fair construction of this article shows that officers had been elected at the time of the adoption of the articles by the persons signing the same. The usual and regular course in such cases, as is well known, is the adoption of rules for the transaction of business and then to proceed to act under them.   In this case such would seem to have been the necessary course adopted, since the instrument provides that "each subscriber shall specify the number of shares he binds himself to take and pay as hereinafter specified, and for the election of officers each share shall be entitled to one vote," etc.   Consequently, until the signing of these articles, by which each subscriber was required to specify the number of shares he would take, and by which the vote for officers was regulated, no rule could have existed for the election of officers.   Add to this, that article second provides for certain officers *to be* elected, and the instrument itself shows that the rules or articles, were then adopted by the signing the same, and the conclusion is almost irresistible, that the fair construction and meaning of said eleventh section is that officers were to be elected that day after the adoption of the rules.   But the article itself only shows the existing understanding, and is no more proof that such understanding was actually carried into effect, than that every other matter and thing provided to be done by the articles, were actually accomplished as therein specified were to be done.

Referring now to the offer of the Plaintiffs to introduce certain evidence, (quoted in the opinion filed by his Honor, Jus-

tice Flandrau,) let us examine its nature and effect, and whether admissible under the pleadings and proof as the same then stood. The Plaintiffs offer to show that certain of the Defendants, after signing the articles, assumed to act in the name of the company, went on and contracted for the building of a boat to be called the Falls City, that the boat was built under and pursuant to that contract, and accepted by certain of the Defendants, members of the company, &c. Is this evidence admissible with the view of showing the formation or organization of the company, of the initiatory step, towards which the Plaintiffs had already introduced evidence? Clearly not, for there is nothing in the nature of the evidence offered, tending to prove such fact; and even had such been the case, unless it had been in accordance with the manner of organization prescribed by the articles of association, it would have been inadmissible for such purpose, as being contradictory of the proof already offered by the Plaintiffs, as to how the company should be organized, and do business. Nor is it admissible, as showing the existence of a company other than that which the evidence already offered showed had commenced its formation; for the acts offered to be proved are based and dependent upon the action of the parties, which the proof showed had been had with reference to signing the articles of association. Throw out that proof, and the evidence offered has no significance whatever. From an examination of the whole offer, it will be perceived that it is based upon the assumption *that a company already existed*, when the acts offered to be proved were performed, which is a fallacy as I think has already been shown. Whether the evidence offered would have the effect to render the Defendants liable individually, or in any other manner than as an association or company, it is unnecessary to inquire, since the complaint only seeks to charge them as a company and in such capacity. If the Plaintiffs abandon their ground, that any company was actually formed, and seek to hold the Defendants as individuals, on the ground that they have made or consented to a certain contract, incurring thereby a liability, it will remain for the Court to consider the effect of such proof, when the pleadings are so changed as to render it admissible. The Defendants are called upon to respond as, and

in the capacity of a company, and the offer to show that certain persons *assumed to do acts in the name of a company*, and that other persons assented to such acts, is not legal proof, that the company described in the complaint, was in fact ever formed and organized. The offer to show that "several members had assumed to act for the rest," is an assumption, instead of proof, of the very point at issue, as the existence of the company must be shown, before it can be claimed that there were "members" of the company. Whether the evidence would have been proper to show the liability of the company, had its existence been first established, it is unnecessary to consider, as I think it was properly excluded for the reasons above mentioned.