HARRIS ROSENBERG and Another v. MOSES BURNSTEIN and Another.[1]

January 8, 1895.

No. 9153.

**Dissolving Attachment—Grounds—Evidence.**

Where a writ of attachment is issued in an action against two defendants as partners, on the motion of one of them to dissolve the attachment, *held,* it is no ground for dissolving the same that the property levied upon is his individual property; that he is not a partner with the other, and never contracted and does not owe the debt. But *held,* evidence of these facts is material to show that he is not responsible for the fraudulent acts and intent of the other defendant, which was made one of the grounds of the attachment.

**Same—Conflicting Affidavits—Reversal.**

*Held,* an order dissolving an attachment will not be reversed where the affidavits used on the motion are conflicting, unless the clear preponderance of evidence is opposed to the decision of the court below.

[1] Reported in 61 N. W. 684.

Same—Fraud.

> Where, on such a motion, the counter affidavits clearly and specifically state a sufficient badge of fraud, *held*, the same is not overcome or sufficiently contradicted by the general statements in the moving affidavits denying fraud.

Appeal by plaintiffs from an order of the district court for Hennepin county, Smith, J., granting a motion to vacate an attachment. Reversed.

*John Gruenberg*, for appellants.

*Child & Fryberger*, for respondent Wolinsky.

CANTY, J. This is an appeal from an order dissolving a writ of attachment. The complaint and affidavit for attachment aver that during all the time therein stated the defendants were partners, and that between September 18, 1893, and November 27, 1893, plaintiffs sold and delivered to them merchandise of the value of $325.28, and that there is yet due therefor the sum of $146.77. The affidavit for attachment further states "that the said defendants and each of them, have assigned, secreted, and disposed of their property with intent to delay and defraud their creditors, and are about to assign, secrete, and dispose of their property with the same intent."

The motion to dissolve the attachment was made by defendant Wolinsky alone, on the grounds that plaintiffs had no cause of action against him, and the property levied on under the writ is his individual property, and on the further ground that said affidavit is false, and he did not, and was not about to, assign, secrete, and dispose of any of his property with any such intent. The motion is supported and opposed by affidavits. The order granting the motion does not state on what ground it is granted. The claims of Wolinsky that the property attached was his individual property; that he never was a partner with Burnstein, and did not contract, and was not liable for, the debt,—are none of them grounds for dissolving the attachment. Davidson v. Owens, 5 Minn. 50 (69); Drake, Attach. § 418. But still the statement of these facts in Wolinsky's affidavits is material, as going to show that he is not responsible for the alleged fraudulent acts and intent of Burnstein, as to which acts and intent the affidavit of attachment is not contradicted, or in any manner rebutted. Wolinsky, in his affidavit, denies that he ever assigned, secret-

ed, or disposed of his property, or ever was about to assign, secrete, or dispose of his property, with any such intent, and states that he is not acquainted with plaintiffs and never had any business dealings with either of them. Burnstein made an affidavit in which he states that he knows, of his own knowledge, that all the facts in Wolinsky's said affidavit are true. But these statements are contradicted by the rebuttal affidavits hereinafter mentioned, and we are of the opinion that the clear preponderance of evidence is opposed to the decision of the court below, and that therefore the order appealed from should be reversed. First Nat. Bank v. Randall, 38 Minn. 382, 37 N. W. 799.

The plaintiff Rosenberg, in his counter affidavit, states that he sold the goods to both defendants, and at the time of the sale they both represented that they were partners. In another counter affidavit Rosenberg states that on June 3, 1894, he went to the defendants to collect the claim in suit, and Wolinsky then offered him $30 for the entire indebtedness of $146.77, and he refused to accept it; that Wolinsky then said that defendants would not give him any more, that they had disposed of most of their property, and would conceal the rest so that he could not attach it. One Hoffman states that he was present and heard this statement, and that the foregoing affidavit of Rosenberg is true. One Lowenthal states in his affidavit that he went with the officer who levied the attachment; that they found the property levied on, consisting of a large box of peddler's supplies, concealed in a woodshed on the land of a farmer; that the box was covered with old blankets, straw, and other materials; that the farmer in whose possession the goods were found then and there stated that they were delivered to him by said Burnstein and that they belonged to Burnstein, for whom he was keeping them. It is contended by respondent that these statements of the farmer were mere hearsay evidence. We are not of that opinion. The farmer being in possession, his statements as to who was then the owner of the property and for whom he held it, are a part of the res gestae and competent evidence of the ownership of the property. Willies v. Farley, 3 Car. & P. 395; Oden v. Stubblefield, 4 Ala. 40; Williams v. Ensign, 4 Conn. 456; Davies v. Pierce, 2 Term R. 53; Peaceable v. Watson, 4 Taunt. 16; Woods, Pr. Ev. § 152. See also Wait, Fraud. Conv. § 279. There were no affidavits read in rebuttal of these counter affidavits. This leaves some of the specific statements in the

counter affidavits wholly uncontradicted, and others contradicted only by the general statements in the moving affidavits. It seems to us that it appears by a clear preponderance of evidence that Wolinsky, for the purpose of delaying or defrauding his creditors, concealed the property levied upon or procured Burnstein to do so for him. The statements as to the concealment of the property are wholly unexplained, and are not sufficiently contradicted by the general statements in the moving affidavits that Wolinsky had not secreted his property. Such specific evidence of a badge of fraud is not overcome by any prior general statements or general denial of fraud. It sufficiently appearing that Wolinsky had secreted his property with intent to delay and defraud his creditors, it was immaterial, for the purposes of that motion, that it did not sufficiently appear that he was such partner or owed this debt. These were questions to be determined upon the trial.

Order reversed.