GEORGE H. FLETCHER, and others, In Equity,

*vs.*

FRED TUTTLE, and another.

Somerset.    Opinion April 27, 1903.

*Attachment.    Fraudulent Conveyance.    Creditors' Remedies.    Equity.    Bankruptcy.*
*R. S., c. 61, § 1;   c. 76, § 14;   c. 81, §§ 56, 67.*

Where the title to real estate was once in a debtor but has been conveyed
by him for the purpose of defrauding his creditors, an attachment may be
made by a creditor and the property subsequently seized upon execution
precisely as if no such conveyance had been made or attempted, a convey-
ance under these circumstances being regarded as void as to a creditor
who was intended to be defrauded.  After title has been acquired by the
levying creditor, he may maintain an action at law to recover possession
of the premises, or he may resort to equity to have the apparent cloud
upon his title removed.

But where the debtor has never had the legal estate, but has paid the pur-
chase money and caused the land to be conveyed by a third person to his
wife, or to somebody else, he has never had any title that can be seized or
taken on execution.  In such a case the creditor must resort to equity in
order to take property standing in the name of the wife, which, under the
statute, may be taken as the property of the husband to pay his debts
contracted before such purchase.

The only object of an attachment of property upon mesne process is to
obtain a lien upon the property attached which will continue until final
judgment is obtained, and which may then be enforced by a seizure upon
the execution.  Real estate which cannot be seized upon execution cannot
be attached upon mesne process in an action at common law.

The complainants commenced a common law action against Tuttle and
attempted to make an attachment thereon of certain real estate, the legal
title to which was never in the defendant, but which, it is alleged, was
bought and paid for by him, and which he caused to be conveyed to his
wife for the purpose of defrauding the complainants who were existing
creditors at the time, he being at that time insolvent.  While that action
was pending, but more than four months after the attempted attachment,
the defendant in that action filed his petition in bankruptcy, was subse-
quently adjudged a bankrupt and still later received his discharge.  There-
upon, the plaintiffs discontinued as to the defendant, the cause of action

being one that was provable in bankruptcy, but took judgment against the property claimed to have been attached. Execution was issued upon this judgment upon which the plaintiffs caused the property claimed to be attached to be seized and sold by the sheriff at public auction. The property was bought in by the judgment creditors, the complainants in this bill, who then commenced this bill in equity in which they seek to have perfected the title thus attempted to be acquired by the seizure and sale on execution.

*Held;* That the attempted attachment was ineffectual; and that as the judgment recovered by the complainants was only against the property claimed to have been attached, and as there was no property attached, the complainants are not entitled to the relief sought for.

Bill in equity heard on bill and demurrer. Demurrer sustained. Exceptions by plaintiffs.

This was a bill in equity praying for the conveyance of certain real estate alleged to have been conveyed in fraud of the plaintiffs.

It was agreed that Fred Tuttle, one of the defendants, filed his petition in bankruptcy Dec. 19, 1899, was declared bankrupt Dec. 30, 1899, and was granted a discharge March 19, 1900; that plaintiffs discontinued as to him and took judgment against the property attached as set forth in the bill. The bill is to be considered as though those facts duly appeared on the docket and were properly set out in the bill. This bill came on for hearing on bill and demurrer and it was ordered, adjudged and decreed that the demurrer be sustained and the bill dismissed.

*Geo. W. Gower*, for plaintiffs.

*A. K. and E. C. Butler*, for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

WISWELL, C. J. This case comes to the law court upon the complainants' exception to the ruling of the sitting justice sustaining a demurrer to the complainants' bill in equity.

The complainants base their claim for relief upon these facts, either alleged in the bill, or which, it is agreed may be considered as if alleged. On March 6, 1893, certain real estate, paid for out of the property of the respondent, Fred Tuttle, was conveyed to his wife, Ella M. Tuttle, the other respondent; subsequently the husband

made extensive improvements upon this real estate, which were also paid for out of his property. It is alleged that this conveyance to the wife was made for the purpose of defrauding the creditors of the husband, who was at the time insolvent; prior to the time of the conveyance the complainants were creditors of Fred Tuttle, by virtue of a note given by him to them on Nov. 16, 1889, which indebtedness has never been paid; on August 31, 1897, they commenced suit upon this note against Fred Tuttle and caused his real estate, and especially all his right, title and interest in and to the real estate conveyed to his wife to be attached; while that action was pending, on Dec. 9, 1899, the defendant in that action filed his petition in bankruptcy, was subsequently adjudged a bankrupt, and still later received his discharge; the plaintiffs thereupon discontinued as to the defendant, the cause of action being one that was provable in bankruptcy, but took judgment against the property claimed to have been attached; execution was issued upon this judgment, upon which the plaintiffs caused the property claimed to be attached to be seized and sold by the sheriff at public auction, all of the statutory provisions in relation to such seizure and sale having been observed; the property was bought in by the judgment creditors, the complainants in this bill, they being the highest bidders therefor. This bill in equity was then commenced by them in which they seek to have perfected the title thus attempted to be acquired by the seizure and sale on execution, to have the conveyance to the wife adjudged fraudulent, and to obtain a decree ordering the respondents, the defendant in the original action and his wife, to convey the premises to the complainants.

In the case of *Stickney and Babcock Coal Company* v. *Goodwin*, 95 Maine. 246, this court decided, following previous decisions of the court upon the same question under a former bankruptcy act, that an attachment of real estate made more than four months prior to the time of filing the petition in bankruptcy, by or against the defendant, is not dissolved by the filing of such petition and the subsequent proceedings in bankruptcy; and that where there is a valid and existing attachment, which has not been dissolved by the bankruptcy proceedings, the plaintiff may have judgment against the property attached, although the cause of action is provable in bank-

ruptcy and a personal judgment against the debtor is thereby prevented. In this case the petition in bankruptcy was not filed until more than two years after the attempted attachment, so that if there was a valid attachment it was not thereby dissolved and the judgment against the property attached was properly rendered. If, upon the other hand, there was no attachment, then this judgment is of no consequence and the basis of this proceeding in equity fails.

This raises the question as to whether or not an attachment can be made of real estate, in a common law action, the legal title to which was never in the defendant but which was paid for out of the property of the husband and conveyed by a third party to the wife for the purpose of hindering, delaying and defrauding the husband's creditors, the suit being commenced by a creditor whose debt existed prior to and at the time of such conveyance.

It is well settled by numerous decisions that where the title to real estate was once in the debtor but has been conveyed by him for the purpose of defrauding his creditors, an attachment may be made and the property subsequently seized upon execution, precisely as if no such conveyance had been made or attempted, a conveyance under these circumstances being regarded as void as to a creditor who was intended to be defrauded. After title has been acquired by the levying creditor, he may maintain an action at law to recover possession of the premises, or he may resort to equity to have the apparent cloud upon his title removed. The right to make a levy upon premises thus fraudulently conveyed being expressly given by statute. R. S., c. 76, § 14.

It is equally well settled in this State, notwithstanding the provision of R. S., c. 61, § 1, whereby, "when payment was made for property conveyed to her (the wife) from the property of her husband, or it was conveyed by him to her without a valuable consideration, it may be taken as the property of her husband, to pay his debts contracted before such purchase," that property, the title to which is acquired by the wife by a conveyance from a third person, under these circumstances, can not be taken by levy of execution so as to transfer the legal title to the levying creditor. That is, in cases where the debtor has never had the legal estate, but has paid

the purchase money, and caused the land to be conveyed by a third person to his wife, he has never had any title that can be seized on execution. In such a case the creditor must resort to equity in order to take the property standing in the name of the wife, which, under the statute above cited, may be taken as the property of the husband to pay his debts contracted before such purchase. *Corey* v. *Greene,* 51 Maine, 114; *Low* v. *Marco,* 53 Maine, 45, and numerous other cases.

Under these circumstances can a prior existing creditor acquire a lien by attachment of the property which will not be affected by bankruptcy proceedings commenced more than four months after such an attachment was made? Or, in other words, can real estate be attached upon mesne process which can not be seized upon the execution issued on the judgment recovered in the action upon which the attachment was made? The determination of this question necessarily depends upon the statutory provisions in this State.

By R. S., c. 81, § 56, "All real estate liable to be taken in execution as provided in chap. 76; the right to cut and carry away grass and timber from land sold by this State or Massachusetts, the soil of which is not sold; and all other rights and interests in real estate, may be attached on mesne process, and held to satisfy the judgment recovered by the plaintiff; but the officers need not enter on or view the estate to make such attachments." This language, "and all other rights and interests in real estate," is very broad and comprehensive, but an examination of the original acts of the Legislature which have been condensed into this clause, shows specifically what rights and interests in real estate were thereby made attachable. In 1829, the Legislature passed an act making the estate, right, title or interest which any person has by virtue of a bond or contract in writing, to a conveyance of real estate, upon condition to be performed, attachable on mesne process. In 1833, an act was passed to the effect that the right which any debtor may have of redeeming from the purchaser any equity of redemption, which may have been sold on execution against such debtor, and also the right which any debtor may have of redeeming from a judgment creditor after levy on execution, were made attachable upon mesne process. These pro-

visions were preserved more nearly in their original form in the Revision of 1857, but in the Revision of 1871, they were condensed into the language above quoted.

It is a familiar principle that no change of legislative purpose is to be inferred from a mere condensation of prior statutes in a subsequent revision. So that the language of the clause as it now exists in the Revised Statutes, when traced to the original enactments for the purpose of ascertaining its meaning, does not give authority for such an attachment as is here relied upon. And it has been frequently decided that certain interests in land can not be attached, for instance the interest in real estate of a mortgagee. See *Smith* v. *People's Bank*, 24 Maine, 185, and a number of later cases. Again, it would hardly be claimed that the right of a widow to have dower assigned to her out of the real estate of her deceased husband, under the law prior to the amendment of 1895, could be attached, although such a right was certainly a valuable interest in real estate. That this right could not be attached was decided in the case of *McMahon* v. *Gray*, 150 Mass. 289, 15 Am. St. Rep. 202, 5 L. R. A. 748.

But, we think that a consideration of the purpose of attachment upon mesne process will determine the question. The only object of an attachment is to obtain a lien upon the property attached which will continue until final judgment is obtained, and which may then be enforced by a seizure upon the execution. When a lien is thus acquired by virtue of a valid attachment, the subsequent seizure of the property upon execution, within the time allowed by statute, will relate back to the date of the attachment and take precedence of intervening attachments or conveyances, and this is all that is accomplished by an attachment. It follows that an attachment is valueless unless the lien thus acquired can be subsequently enforced by a seizure of the property upon the execution. As we have seen, the only purpose of the attachment is to acquire a lien that may be subsequently enforced by extending the execution upon the property attached. In fact, the language of the statute is, that the property described, "may be attached upon mesne process, and held to satisfy the judgment recovered by the plaintiff." This necessarily means, we think, that the property attached may be held to satisfy the judg-

ment by enforcing the execution issued thereon. Attachment on mesne process and levy upon execution are so inseparably connected, that the former is a useless ceremony unless it can be made effective by the latter.

In regard to all interests in real estate which have been made attachable by legislative enactment, such as the right to redeem real estate under mortgage, levy, sale on execution, or for taxes, or a right to a conveyance under contract, express provision is made by statute as to the manner of proceeding in the seizure and levy or sale upon execution, while in the case of property conveyed by a third person to the wife, and paid for by the husband, no such provision is made, and the court has decided in numerous cases, as we have seen, that a seizure upon execution in such a case can not be made.

We are aware of no statute which gives the right to attach upon mesne process any property which can not be seized upon the execution subsequently obtained, and of no case in which it has been held that such a right exists. Upon the contrary, in *Smith* v. *People's Bank*, 24 Maine, 185, the right to seize upon execution is made the test as to whether or not there is a right to attach. It is there said : "If the interest of a mortgagee can not be taken in satisfaction of an execution, it can not be the subject of attachment upon mesne process."

There is another reason why, we think, it is apparent that an attachment can not be made in such a case. By R. S., c. 81, § 67, "an attachment of real or personal estate continues for thirty days and no longer, after judgment in the original suit," except in cases not applicable here. In order to enforce a lien acquired by attachment, a seizure upon the execution must be made within that period of time. What can be done to enforce a lien acquired by attachment, if no seizure can be made upon the execution? How long after judgment in the original suit would such an attachment continue in force, and how would it eventually be dissolved? These suggested difficulties show such an inherent inconsistency in an attachment of an interest in real estate which can not be taken upon execution to satisfy the judgment, that we are forced to the conclusion that an attachment can not be made under these circumstances.

As the judgment recovered by these complainants was only against the property claimed to have been attached, and as there was no property attached, the complainants are not entitled to the relief they seek in their bill.

*Exceptions overruled.     Demurrer sustained.*