### In re MALONE'S ESTATE.

(District Court, D. Idaho, E. D. October 23, 1915.)

BANKRUPTCY ☞207—HOMESTEAD—PRESERVATION OF ATTACHMENT LIEN—POWER OF COURT.

Where an attachment was levied on real estate in Idaho occupied by the debtor as a homestead, but prior to his filing a declaration of homestead, which was necessary under the state law to protect it from the levy, on his subsequent bankruptcy within four months, the referee had power under Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 (Comp. St. 1913, § 9651), to order the lien of the attachment preserved for the benefit of the estate as against the homestead claim.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞207.]

In Bankruptcy. In the matter of Mike Malone, bankrupt. On petition to review an order of the referee denying bankrupt's petition for allowance of homestead. Modified and confirmed.

T. L. Glenn, of Montpelier, Idaho, and P. L. Williams, of Salt Lake City, Utah, for bankrupt.

De Meade Austin, of Salt Lake City, Utah, for trustee.

Gough & Kunz, of Montpelier, Idaho, for creditor.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DIETRICH, District Judge. The bankrupt seeks the reversal of an order, or perhaps, more accurately speaking, two orders, of the referee, which in effect deny exemption from administration as a part of the bankrupt estate of a lot in Montpelier, occupied by him as a home. There is no dispute about the facts, and as found by the referee they are in substance as follows:

On June 24, 1914, the bankrupt was residing with his family upon the lot in question, and was entitled under the laws of Idaho to file a declaration of homestead thereon, and thereby render it exempt from attachment and execution. He had, however, made no declaration, and the property being therefore subject to attachment, the Bank of Montpelier, holding two notes against him, aggregating $3,300, besides interest, brought suit thereon against him and caused a writ of attachment to be issued and duly levied upon the lot. Details may be dispensed with, for, generally speaking, it is to be said that no question is now raised touching the validity of the attachment; it being conceded that the bank thus acquired a lien for the full amount of its claim. Three days later, namely, upon June 27, 1914, the bankrupt filed his declaration of homestead as provided by law. It is conceded by the trustee and creditor that this declaration operated to exempt the property from subsequent levies, but it is also conceded by the bankrupt that it in no wise affected the levy already made. Two days thereafter this bankruptcy proceeding was initiated by the filing of a voluntary petition, and upon the following day the adjudication was made.

Upon the authority of Chicago, B. & I. R. R. Co. v. Hall, 229 U. S. 511, 33 Sup. Ct. 885, 57 L. Ed. 1306, it is admitted that under section 67f of the Bankruptcy Act the adjudication operated to discharge the attachment lien unless the same was preserved for the benefit of the estate by proceedings taken in pursuance of that clause of the section which provides that such liens are continued in force in case "the court shall, on due notice, order that the right under such levy * * * shall be preserved for the benefit of the estate." In that respect the referee expressly finds and reports that upon August 18, 1914, upon motion of the trustee, and after due notice to the bankrupt, an order was entered preserving the lien for the designated purpose, and apparently this order was not opposed by the bankrupt, and certain it is that no proceedings were ever taken to have it annulled. The real question therefore is of the validity of this order, and in a collateral proceeding, such as this must be deemed to be, it is limited to an inquiry touching the jurisdiction of the referee in point of subject-matter. In other words, if it is within the power of a referee under any circumstances to preserve such a lien upon property which, either subject thereto or free therefrom, the bankrupt may claim as exempt, then full faith and credit must be given to this order, for there was jurisdiction of the person of the bankrupt.

We cannot in a collateral proceeding inquire into the circumstances under which the referee acted, or question the propriety or wisdom of his actions. The validity of this order, I say, is the only real question, for while, as suggested at the hearing, I am inclined to think

that in any view the order now under consideration was technically erroneous, in that, granting the present validity of the lien, the property should, subject to the lien, be set apart as exempt, still it is stated by counsel for the trustee, and not controverted by opposing counsel, that the amount of the lien greatly exceeds the value of the property, and therefore an adjudication of exemption subject to the lien would be of no substantial value to the bankrupt, especially since he is in possession and has the present use of the property.

Upon this principal question no adjudicated case has been called to my attention, and I find none in the books. Nor do I find substantial assistance in an elaborate analysis of the Bankruptcy Act or in a consideration of the general objects which it was intended to accomplish. There is nothing in the act or the policy which it embodies requiring that we put a strained construction upon, or read an unexpressed exception into, the language of the section under review, and, giving to it the meaning which its language naturally imports, there can be but one answer to the question, namely, that the court has the power, within its sound discretion, to preserve such a lien for the benefit of all the creditors. The question of what a bankrupt may or may not claim as exempt is, of course, to be referred exclusively to the state law. At the time the debtor here filed his petition in bankruptcy this property was, under the state law, subject to this lien; the debtor was powerless to escape from it, unless possibly by resort to bankruptcy proceedings. He might have prevented the lien by an earlier declaration of homestead; but this, for some reason not disclosed in the record, he failed to make. He sought the protection of the Bankruptcy Act, and particularly of section 67; but the protection thus afforded is by the terms of the section conditional and contingent. The very provision, and the only provision, upon which he could rely for a dissolution of the lien, confers upon the court the power within its discretion to keep it alive.

The operation of the clause conferring this authority is apparently limited to no class of liens and excludes none; it appears to be quite as comprehensive as the general provision upon which the petitioner relies. Nor can it be said that in this view the Bankruptcy Law operates to work a hardship upon the debtor, for, as we have seen, were it not for the act, there would be no possible escape for the debtor in a case of this character; under the state law he was without hope. The Bankruptcy Act provides the opportunity for a debtor to appeal to the discretion of the court; but here, though having notice of the trustee's application for the preservation of the lien, he seems not to have availed himself of such opportunity, and, as already stated, it is no longer possible to call into question the propriety of the referee's action.

In harmony with the views expressed, an order will be entered, modifying the orders under review in such manner that the exempt character of the property will be recognized, subject, however, to the lien, reserving in the bankruptcy court the power to sell the property for the satisfaction of the lien, the surplus, if any, to be turned over to the bankrupt. Counsel for the trustee is directed to prepare the

order, with the assistance of counsel for the creditors, if he so desires, and submit the same to counsel for the bankrupt for approval as to form.