## MARY BEIGLER v. MARSHALL W. CHAMBERLIN AND OTHERS.[1]

February 6, 1920.

No. 21,596.

**Attachment of homestead by creditor without right to lien.**

1. A creditor, seeking a mere money judgment for a debt which, under no statutory or constitutional provision, is, or may be adjudged, a lien upon the homestead of the defendant, cannot, by procuring an attachment to be issued in the action and a levy to be made upon such homestead, acquire a lien thereon, so as to give the right of redemption.

**Defendant not estopped by failure to move for vacation of attachment.**

2. Defendant's failure to move to vacate the attachment, granted on the ground that he was a nonresident, and his failure to move to set aside the levy do not conclude him either on the question of residency or of homestead right, and he may still assert, in a proper action, his homestead right in the property upon which the levy was made, and have the levy and all proceedings taken thereunder adjudged null and void.

Action in the district court for Dodge county for a decree of court that plaintiff is the owner of certain real property. The substance of the complaint and of the answer is given in the second and third paragraphs of the opinion respectively. Plaintiff's demurrer to the third defense set up in the answer was sustained, as stated in the third paragraph of the opinion, Childress, J., who certified that the question presented by the demurrer was important and doubtful. From the order sustaining the demurrer as to the third defense in the answer, defendants appealed. Reversed.

*John Swendiman, Jr.,* and *Sasse & French,* for appellants.
*Allan P. Norton,* for respondent.

HOLT, J.

The action was brought to have the validity of a redemption made by plaintiff of a tract of land established.

[1]Reported in 176 N. W. 49.

The complaint alleges that the defendant Marshall W. Chamberlin is insane and the defendant Alva Chamberlin is his duly appointed guardian; that plaintiff is the divorced wife of Marshall; that subsequent to the divorce he again married, his second wife being Alice Chamberlin; that on October 5, 1915, Alice also obtained a decree of divorce with alimony in the sum of $850, which was made a specific lien upon the north half of the southeast quarter of section 27 in township 106, range 17, Dodge county; that under said decree execution issued and the land described was sold on December 24, 1915, for $895.05 to Alva Chamberlin, and a proper sheriff's certificate executed and recorded; that on April 18, 1916, plaintiff began an action against Marshall W. Chamberlin, and on the twenty-fourth of said month she procured an attachment therein and caused a levy thereunder to be made upon this land; that the action was tried and findings were filed December 4, 1916, ordering judgment in plaintiff's favor for $1,600; that a stay of 40 days was procured; that on December 23, 1916, plaintiff, as such attaching creditor, filed proper notice of intention to redeem from the execution sale; that on December 28, 1916, she did make a valid redemption by paying to the proper officer the sum of $960 and receiving the certificate provided by law, and that the evidence of her right to redeem, together with the certificate of redemption, was duly recorded on the next day, and that Alva Chamberlin refuses to receive the redemption money, and both defendants deny that plaintiff acquired any interest to the land by virtue of the alleged redemption.

In their answer defendants set forth a third defense to the effect that on November 2, 1915, and for several years prior thereto, Marshall W. Chamberlin owned and occupied this tract of land as his homestead; that, when, on last named date, he was committed to the state insane asylum at Rochester, his removal from the land was not voluntary nor with intent to abandon his homestead therein; that on said date he was a resident of this state, entitled to the homestead exemption granted by law, and that plaintiff's attachment was not a lien on the land; her levy was null and void, and she had no right to redeem. Plaintiff's demurrer to this defense was sustained and defendants appeal.

There is no general denial in the answer, and in aid of the demurrer we shall assume as true the allegations of the complaint concerning the

former action brought by plaintiff against defendant Marshall W. Chamberlin and the attachment ancillary thereto. So assuming, we consider the appeal presents the question whether the defendants are precluded from setting up the homestead rights of Marshall W. Chamberlin to defeat the attempted redemption under the attachment in the former suit.

It must be conceded that the levy of the attachment conferred no greater right to redeem than would be the case had the judgment been rendered in the action prior to the filing of notice of intention to redeem. Had judgment been so rendered in this case, it would, under the findings, have been a mere money judgment creating no lien upon defendant's homestead. The only object of an attachment of property is to obtain a lien which will continue until final judgment is obtained, which may be enforced by a seizure on execution. Real estate which cannot be seized upon execution cannot be attached so as to give a lien thereon. Fletcher v. Tuttle, 97 Me. 491, 54 Atl. 1110. No creditor can redeem from an execution sale, unless he has a lien on the property sought to be redeemed. The only lien asserted by plaintiff was by virtue of the levy made under her attachment. If the land was then the homestead of the defendant in the action, it was exempt from seizure and no lien was acquired by the levy under the writ. This is settled law. It was not necessary to protest the levy. The defendant could ignore it and ignore a sale upon an execution on any judgment that could be entered on the findings that were made in the case, and afterwards assert his homestead right as he has done in this answer. "The statute gives the exemption absolutely, and without making the right to it dependent upon any affirmative action upon the part of the person claiming it towards an officer levying or about to levy upon it." Ferguson v. Kumler, 25 Minn. 183.

But the contention is that, because the attachment was procured on the ground that Marshall W. Chamberlin was then a resident of the state of Oregon, and there was no motion to vacate either the attachment or the levy, the defendant became concluded on the issue of residence and can claim no homestead in this state. The contention cannot be sustained The defendant in the attachment action was not required to make an issue of his place of residence, nor to protect his homestead rights. Had he defaulted and had the land been sold on execution upon a judgment pursuant to the findings made, there yet would have remained

to him his day in court to claim and protect his homestead. He can be in no worse position because he came in and answered in an action which evidently tendered no issue as to residence or homestead rights, for there is no finding upon any such issue.

Furthermore, the levy upon exempt property is not a good ground for moving to vacate the attachment. Davidson v. Owens, 5 Minn. 50 (69); Rosenberg v. Burstein, 60 Minn. 18, 61 N. W. 684; Pech Mnfg. Co. v. Groves, 6 So. Dak. 504, 508, 62 N. W. 109. There was here no motion to vacate the levy, but, even had such a motion been made and denied, the authorities seem to hold that it would not be conclusive upon defendant's homestead rights. In Heidel v. Benedict, 61 Minn. 170, 63 N. W. 490, 31 L.R.A. 422, 52 Am. St. 592, it is said with reference to the effect of an order denying a motion to dissolve an attachment: "But it is well settled that the determination of a motion or summary application is not res judicata, so as to prevent the parties from drawing the same matters in question again in the more regular form of an action." On application for reargument the court said that the statement may not be universally true under our practice, but held it applicable in that case. It should be held true in this. In the case of Quigley v. McEvony, 41 Neb. 73, 59 N. W. 767, the court holds that the homestead right ought not to be concluded by a decision of a motion to dissolve an attachment based on affidavits. As important a matter as the homestead right should not be determined on affidavits, but tried in the usual manner upon testimony given by witnesses in open court. To the same effect is Mason, Ehrman & Co. v. Lieuallen, 4 Idaho, 415, 39 Pac. 1117; Shelby v. Zeigler, 22 Okl. 799, 98 Pac. 989, and cases therein discussed.

Respondent places some reliance upon our decision in the action where the attachment issued. Beigler v. Chamberlin, 138 Minn. 377, 165 N. W. 128, L.R.A. 1918B, 215. Therein no question was presented concerning any homestead right of the appellant to this land. Nor does it appear from that decision or from the pleadings herein that the cause of action was one which could under any constitutional provision become a lien on the homestead of the defendant Marshall W. Chamberlin. It was a simple action to recover for the value of the support furnished his children.

Marshall W. Chamberlin did not lose his homestead right, if one he

had in this land, by his involuntary removal therefrom by the commitment to the insane asylum. Millett v. Pearson, 143 Minn. 187, 173 N. W. 411.

The order is reversed.