ANTON ROSSING AND ANOTHER v. LARS LARSON.
ANTON ROSSING AND ANOTHER v. WESTBROOK
CO-OPERATIVE COMPANY.
ANTON ROSSING AND ANOTHER v. FARMERS ELEVATOR
COMPANY OF WESTBROOK.[1]

February 27, 1925.

Nos. 24,486, 24,487, 24,488.

**No selection of homestead under attachment proceeding.**

1. The plaintiffs, husband and wife, owned adjoining quarter sections of land in the same section, the husband the southeast quarter and the wife the northeast quarter. Each defendant had a money judgment against the two plaintiffs jointly. Each attached portions of the two quarter sections. None of the defendants sold on execution any part of the northeast quarter. The plaintiffs were entitled to an 80-acre homestead. The defendants claim that the south half of the northeast was the homestead. The plaintiffs claim that 10 acres in the northeast and the easterly 70 acres of the southeast constituted the homestead. In the affidavits traversing the attachment of the northeast made by one of the defendants, the only defendant attaching the south half of the northeast, the plaintiffs alleged that the northeast quarter was their homestead. That land is exempt as a homestead is not a ground for the dissolution of an attachment; and the order dissolving the attachment was not an adjudication that the homestead was on the land attached. Under the facts stated and others stated in the opinion it is *held* that there was no selection of the south 80 of the northeast as the homestead by the sheriff or by the plaintiffs.

**Bankruptcy court had jurisdiction to fix homestead.**

2. The bankruptcy court has jurisdiction to determine the claims of bankrupts to their exemptions. The plaintiffs filed petitions in bankruptcy more than four months after the attachments. It is *held* that, there having been no selection of a homestead, the bankruptcy court had jurisdiction to determine the portion of the two quarters which constituted the homestead.

[1]Reported in 202 N. W. 711.

**Defendants cannot contest selection of homestead under execution.**

3. Within the statutory time after the levy of the executions the plaintiffs presented to the sheriff their selection of a homestead. It was ignored. It is *held* that the defendants cannot contest the selection made.

**Part of homestead may be owned by husband and other part owned by wife.**

4. A homestead claimed by husband and wife may be in part on land owned by one and in part on land owned by the other.

*Headnote 1.   See Attachment, 6 C. J. p. 431, § 1000; Homestead, 29
     C. J. p. 971, § 423 (1926 Anno); Judgment, 34 C. J. p. 884, § 1292.
Headnote 2.   See Bankruptcy, 7 C. J. p. 358, § 629.
Headnote 3.   See Homestead, 29 C. J. p. 971, § 422.
Headnote 4.   See Homestead, 29 C. J. p. 853, § 186.

Three actions in the district court for Cottonwood county to set aside execution sales of land claimed to be the homestead of the plaintiffs. The cases were heard before Nelson, J., who made findings in favor of plaintiffs. From the judgment, defendants took separate appeals. Affirmed.

*O. J. Finstad,* for appellants.

*P. S. Redding,* for respondents.

DIBELL, J.

Three actions tried together. The plaintiffs in each are Anton Rossing and Amelia Rossing, husband and wife. In each there is a separate defendant. Each defendant was the sole plaintiff in an action against the plaintiffs. Each recovered and docketed a money judgment against both plaintiffs. Each prior thereto attached lands belonging partly to one and partly to the other, of the plaintiffs. Each sold on execution lands belonging to the plaintiff husband. The plaintiffs claim that a part so sold, a tract of 70 acres, is their homestead. The actions were brought to set aside the execution sales. Judgment was entered setting aside the sales as to a tract claimed by the plaintiffs to be their homestead, and the defendants severally appeal.

In 1921 and long prior the plaintiff Anton Rossing owned the southeast quarter of 31-108-38, in Cottonwood county. His wife

owned the northeast quarter. They lived upon the land and were entitled to 80 acres of it as a homestead; and they claim that the southeast quarter of the southeast quarter of the northeast quarter, 10 acres, and the easterly 70 acres of the southeast quarter, constituted it. The family house wherein they lived and most of the farm buildings were on the 10 acres, but some were on the 70 acre tract.

All of the defendants separately attached some portion of the two quarters in June or July, 1922, more than four months prior to the bankruptcy of the plaintiffs. Judgments were entered later, and execution sales were had on June 2, 1923, and all or some portion of the 70-acre tract was sold on all the executions.

The defendant Larson attached the northeast quarter and the north half of the southeast quarter. None of the other defendants attached the south half of the northeast quarter, though they attached the north half. The plaintiffs moved to vacate the attachment of Larson. It was vacated as to Amelia Rossing, the owner of the northeast quarter, but not as to Anton Rossing, the owner of the north half of the southeast quarter. The ground of the attachment was a transfer or contemplated transfer to defraud creditors. The plaintiffs in their affidavits in support of the motion to vacate denied the existence of his ground of attachment. Further they alleged that the northeast quarter was their homestead; and concededly a part but not all of it was. Larson sold on execution the north half of the southeast. The two other defendants sold the whole quarter. No one sold any portion of the northeast quarter. The defendants now claim that the action of the sheriff in omitting to levy upon or sell the south half of the northeast quarter, coupled with the motion of the plaintiffs to vacate Larson's levy on the northeast quarter in which, after traversing the affidavit for attachment, they alleged that their home was on that quarter, amounted to a selection either by the sheriff or the Rossings of the south 80 of the northeast quarter as their homestead.

1. The omission of the south half of the northeast quarter from the levy of all the creditors except Larson, the proceedings in behalf of the plaintiffs which resulted in the dissolution of the attachment

of the northeast quarter, and the claim of the plaintiffs therein that their homestead was in the northeast quarter, did not amount to a selection either by the sheriff or the Rossings under G. S. 1923, §§ 8343-8344; G. S. 1913, §§ 6964-6965.

It was not a ground for the dissolution of the attachment that the property was exempt or otherwise not subject to attachment. Beigler v. Chamberlin, 145 Minn. 104, 176 N. W. 49; Rosenberg v. Burnstein, 60 Minn. 18, 61 N. W. 684; Davidson v. Owens, 5 Minn. 50 (69). The motion to dissolve must be taken as granted so far as it was granted upon the ground that the writ was improvidently issued; that is, that the ground upon which it was predicated, an actual or contemplated fraudulent transfer, did not exist.

Nor was the location of the plaintiffs' homestead a fact adjudicated by the order on the motion to dissolve. It was not determined that it was in the northeast quarter or that it was not in the southeast. The doctrine of res adjudicata does not apply to orders on motions unless it affirmatively appears that the merits were litigated. Hawkins v. Horton, 91 Minn. 285, 97 N. W. 1053, and cases cited; Beigler v. Chamberlin, 145 Minn. 104, 176 N. W. 49, and cases cited. It does not appear so here. Larson and the other creditors or the sheriff may have labored under a mistake in making their levies. It may have been thought that the south half of the northeast was the homestead; but there was no selection by the sheriff or by the plaintiffs in this action of the south 80 of the northeast quarter as the homestead.

2. The plaintiffs filed petitions in bankruptcy in November, 1922, more than four months after the attachments. The claim of the defendants is that their liens by attachment were not affected by the subsequent bankruptcy. They did not obtain liens upon the homestead of the plaintiffs, wherever it was, and it was not separated from the two quarters of which it was a part. It is within the jurisdiction of the bankruptcy court to "determine all claims of bankrupts to their exemptions." Act July 1, 1898, c. 541, § 2, c. II, 30 St. 544, 545; U. S. Comp. St. 1916, § 9586. As we understand the record the defendants were parties to the bankruptcy proceeding, received the usual notices, the trustee set off the homestead, and they

made no objection. Some of the other creditors objected and the bankruptcy court sustained the selection. If the homestead of the plaintiffs had been selected under the state law at the time of the levy of the attachments, or perhaps at any time prior to bankruptcy, the contention of the defendants would be more forceful. See Martin v. Oliver, 260 F. 89, 171 C. C. A. 125; Piedmont Coal Co. v. Hustead, 294 F. 247, 32 A. L. R. 556; In re Malone's Estate, 228 F. 566. If we understand the record the case is controlled by Smalley v. Laugenour, 196 U. S. 93, 25 Sup. Ct. 216, 49 L. ed. 400, and the determination by the bankruptcy court controls.

3. But if the setting aside of the homestead in the bankruptcy court were not controlling, still the judgment was right. The levies were in April, 1923, and the execution sales on June 2, 1923. Within the time fixed by the statute, after the levy of the executions, the plaintiffs made their claim of homestead exemption and selection to the sheriff. The statute provides that if the selection made by the debtor "be not satisfactory to the creditor procuring such levy, the sheriff shall cause such homestead to be set apart by a survey," etc. The claim of exemption was ignored. In this situation the defendants are not in position to contest the selection made by the plaintiffs after levy.

4. That the homestead claimed was in part on the land of the husband and in part on that of the wife, who were joint judgment debtors, does not affect the right of exemption. Gilbert v. Case, 136 Minn. 257, 161 N. W. 515.

Judgment affirmed.

WILSON, C. J., did not sit.