**In the Matter of the ESTATE OF Martha E. HOFFMAN, a.k.a. Martha Hoffman, Decedent.**

**No. C7–84–540.**

Court of Appeals of Minnesota.

Sept. 18, 1984.

Robert H. Peahl, Faribault, for appellant.

Steven Alpert, Faribault, for respondent.

Considered and decided by SEDGWICK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

This is an appeal from a judgment against the estate of Martha E. Hoffman in which the trial court ruled that decedent lost her homestead status by the failure to reside in her homestead and by the failure to record an intent to retain her homestead as provided by Minn.Stat. § 510.07 (1982). The trial court found the property was not exempt from the estate's debts and that the Rice County Social Services claim for medical assistance provided to the decedent was valid. We affirm.

## FACTS

The parties stipulated to the following facts at trial. Decedent Martha E. Hoffman lived at home until October 1973, when she moved to a nursing home. She remained there until her death in 1983.

In September 1977, decedent's daughter was appointed as conservator. She applied for medical assistance for the decedent in January of 1978. Rice County Social Services granted the application upon the condition that the conservator rent the decedent's homestead and transfer the proceeds to Rice County Social Services to help defray medical costs. Decedent received $30,528.92 in assistance from Rice County before she died.

The court found that the homestead declaration was changed from homestead to non-homestead in January 1981, over the objections of the conservator. This decision was not appealed. On numerous occasions during her stay at the nursing home decedent expressed a desire to return home. She did not file notice with the county recorder as required by Minn.Stat. § 510.07 (1982) to protect her homestead status.

## ISSUE

Did the trial court err in ruling that decedent lost her homestead exemption under Minn.Stat. § 510.07 (1982)?

## ANALYSIS

Minn.Stat. § 510.07 (1982) provides:

The owner may sell and convey the homestead without subjecting it, or the proceeds of such sale for the period of

one year after sale, to any judgment of debt from which it was exempt in his hands. He may remove therefrom without affecting such exemption, if he do not thereby abandon the same as his place of abode. If he shall cease to occupy such homestead for more than six consecutive months he shall be deemed to have abandoned the same unless within such period, he shall file with county recorder of the county in which it is situated a notice executed, witnessed, and acknowledged as in the case of a deed, describing the premises and claiming the same as his homestead.

The Minnesota Supreme Court recently interpreted this statute in *Muscala v. Wirtjes,* 310 N.W.2d 696 (Minn.1981). The court held the statute requires that a notice be filed within six months to retain homestead status when not residing in the home. In *Muscala,* the court said that the homestead exemption is lost after six months unless the person has filed, no matter what the person's intention. *Id.* at 698.

 Appellant argues that § 510.07 is not applicable in this case because her departure from the home was not voluntary. The supreme court has created two narrow exceptions to the notice requirement. (1) A person in jail suffers from a legal disability such that removal from home is not abandonment under § 510.07. *Millett v. Pearson,* 143 Minn. 187, 173 N.W. 411 (1919). (2) Involuntary commitment to a mental institution is not abandonment under § 510.07. *Beigler v. Chamberlin,* 145 Minn. 104, 176 N.W. 49 (1920). However, a need for physical care outside of the home is not tantamount to involuntary commitment within the purview of these two exceptions. *Muscala* is controlling in this case; the trial court committed no error in denying the exemption due to lack of notice.

## DECISION

We affirm the decision of the trial court.