In re Kenneth L. KASDEN, Debtor.

STEINER AND SAFFER, Appellant,

v.

Kenneth L. KASDEN, Respondent.

Bankruptcy No. 4–94–3841.
Civ. No. 3–95–332.

United States District Court,
D. Minnesota,
Third Division.

July 19, 1995.

Konstandinos Nicklow, Meshbesher & Spence, Minnetonka, MN, for appellant.

Thomas G. Wallrich, Fafinski & Wallrich, Minneapolis, MN, for respondent.

## ORDER

ALSOP, Senior District Judge.

This matter comes before the Court upon Steiner and Saffer's appeal from the March 10, 1995 order of United States Bankruptcy Judge Robert J. Kressel. The Bankruptcy Court denied Appellant's objection to the debtor's claimed homestead exemption. Appellant argues the Bankruptcy Court erred in determining the debtor did not lose his

homestead exemption when he failed to occupy his property for more than six months without filing notice as required by Minnesota Statute § 510.07. For the reasons discussed below, the decision of the Bankruptcy Court is reversed, and the case is remanded to the Bankruptcy Court for further proceeding.

## I. BACKGROUND

In March of 1992, the Appellant, Steiner and Saffer, obtained a judgment in Superior Court of California, County of Los Angeles, against Nemadji Earth Pottery, Inc. in the amount of $68,253.73. Approximately one year later, the judgment was amended to include the debtor in this case, Kenneth Kasden, as an additional judgment debtor.

Kasden has owned real property located at 5521 Grove Street, Edina, Minnesota since 1980. This property was claimed by Kasden as his homestead and is the property at issue in this appeal. On November 9, 1993, a fire caused substantial damage to Kasden's home. Due to fire damage all utilities to the property were turned off and Kasden made arrangements to live elsewhere. Kasden failed to reside at his property for over six months and failed to file the homestead notice required by Minnesota Statute § 510.07 within that time period.

Kasden filed for protection under Chapter 7 of the Bankruptcy Code on August 11, 1994. He identified the property located at 5521 Grove Street as exempt homestead property. The Bankruptcy Trustee and Appellant both filed an objection to Debtor's claimed homestead exemption. The trustee, however, did not appear at the hearing and does not join Appellant on this appeal.

An evidentiary hearing on Appellant's objection was held before the Honorable Robert J. Kressel on December 16, 1994. In an Order dated March 10, 1995, the Bankruptcy Court found the Debtor did not lose his homestead exemption and denied Appellant's objection. The Bankruptcy Court determined Kasden did not reside at his property for over six months. Because Kasden was forced from his property due to casualty, however, the Bankruptcy Court held Kasden did not "fail to occupy" the property as defined by Minnesota Statute § 510.07. In reaching its conclusion, the Bankruptcy Court rejected the Minnesota Court of Appeals's en banc decision in Joy v. Cooperative Oil Association, 360 N.W.2d 363 (Minn.Ct. App.1984), and relied on other caselaw suggesting Minnesota would recognize a "casualty theory exception" to the notice requirement set forth in § 510.07.

Steiner and Saffer now brings this appeal. Appellant argues the Bankruptcy Court erred by recognizing the "casualty exception" and failing to apply the rule of law established in the Joy decision. In opposition to the appeal, Respondent argues that the Bankruptcy Court correctly concluded that if an owner fails to occupy property due to casualty, an exception to the notice requirement of Minnesota Statute § 510.07 is available. Respondent also claims the Bankruptcy Court's determination Kasden occupied the property within the meaning of § 510.07 is a fact issue as opposed to a legal issue, and must be reviewed under an abuse of discretion standard.

## II. STANDARD OF REVIEW

■■■ A District Court reviews a bankruptcy court's findings of fact under an abuse of discretion standard. See In re McCombs, 751 F.2d 286, 287 (8th Cir.1984); In re Benassi, 72 B.R. 44, 46 (D.Minn.1987). Questions of law, however, are reviewed by this Court de novo. See In re Mathiason, 16 F.3d 234, 235 (8th Cir.1994); In re Lee, 162 B.R. 217, 219 (D.Minn.1993). No presumption of correctness attaches to a bankruptcy court's conclusions of law, and such conclusions are subject to independent determination by the reviewing court. See Clay v. Traders Bank of Kansas City, 708 F.2d 1347, 1350 (8th Cir.1983); Finstrom v. Huisinga, 101 B.R. 997, 998 (D.Minn.1989).

## III. DISCUSSION

■■■ A federal court with jurisdiction based on diversity is "obligated to apply state law as declared by statute or by opinion of the state's highest court." Wilson v. Colonial Penn Life Ins. Co., 454 F.Supp. 1208, 1211 n. 4 (D.Minn.1978) (citing Erie R.R. Co.

v. *Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). In the absence of a Minnesota Statute or Supreme Court decision, federal courts must determine the rule of law the Minnesota Supreme Court would adopt. *See id.* Although decisions of the Minnesota Court of Appeals are not binding upon the federal district courts, they are considered "persuasive authority, and we must follow them when they are the best evidence of Minnesota law." *Bureau of Engraving, Inc. v. Federal Ins. Co.,* 5 F.3d 1175, 1176 (8th Cir.1993) (citations omitted); *see also Nelson Distrib. v. Stewart–Warner Indus. Balancers,* 808 F.Supp. 684, 687 (D.Minn.1992) (state appellate court decision "is datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise").

■ Minnesota Statute § 510.07 provides:

If the owner shall cease to occupy such homestead for more than six consecutive months the owner shall be deemed to have abandoned the same, unless, within such period, the owner shall file with the county recorder of the county in which it is situated a notice, executed, witnessed, and acknowledged as in the case of a deed, describing the premises and claiming the same as the owner's homestead.

The statute does not discuss whether this notice requirement is waived if the property owner is forced off the property due to casualty. Although some older Minnesota cases recognized exceptions to § 510.07 in limited circumstances,[1] the Minnesota Court of Appeals, in a 1984 *en banc* decision, determined an owner who is "absent from his property more than six consecutive months due to destruction of the premises by fire, and where he failed to file a notice claiming the property as his homestead pursuant to Minn. Stat. § 510.07," lost his homestead exemption. *Joy v. Cooperative Oil Ass'n,* 360

N.W.2d 363, 366 (Minn.Ct.App.1984) (*en banc*), review denied (March 6, 1985).

The Bankruptcy Court framed the issue in this case as:

whether the owner of homestead property who is involuntarily forced to remove himself for more than six consecutive months from his homestead due to casualty, and who fails to file the requisite notice claiming the property as his homestead, is deemed to have abandoned his property under Minn.Stat. § 510.07.

Although this issue is identical to the issue in *Joy,* the Bankruptcy Court rejected the *Joy* decision. The Bankruptcy Court stated:

Although *Joy* is relevant to the issue at hand, it is neither compelling nor persuasive. First, *Joy* had a strong dissent which argued in favor of both the casualty theory and the policy of protecting the homestead exemption against creditors. Second, *Joy* mentioned the casualty theory but summarily dismissed it with little discussion. Furthermore, *Joy*'s analysis of its facts and the applicable law is conclusory, making it difficult to apply to the particular facts in this matter.

This Court cannot agree with the Bankruptcy Court's rejection of the *Joy* decision. In *Joy,* the Minnesota Court of Appeals sitting *en banc* determined an owner forced from his property due to casualty is not excused from the notice requirement established in § 510.07. The Court of Appeals chose to expressly limit the exceptions to Minnesota Statute § 510.07 recognized by Minnesota Courts. This Court finds the Minnesota Supreme Court would apply the *Joy* decision to this case and would not create a "casualty exception" to the requirements of § 510.07. Unlike the cases cited by Respondent where an owner who is committed to a mental institution or who is sent to jail is exempt from the requirements of § 510.07, owners forced from their property due to casualty may easily fulfill the requirements of § 510.07. The burden placed upon

1. *See, e.g., Beigler v. Chamberlin,* 145 Minn. 104, 176 N.W. 49 (1920) (debtor did not lose homestead exemption when committed to state insane asylum); *Millett v. Pearson,* 143 Minn. 187, 173 N.W. 411 (1919) (while imprisoned, a person retains his homestead exemption as there must be a voluntary act by a person free from restraint and capable of making such a decision for that person to lose or acquire a residence).

owners is relatively light. Although the stricter rule established in *Joy* may appear harsh, it is no different than other legal limitations and deadlines. Such rules establish the bright lines necessary for efficiency, fairness, and clarity within the law.

 This leads to Respondent's argument the Bankruptcy Court determined, as an issue of fact, Kasden occupied the property during the time is question, and that this determination may only be reversed after review under the abuse of discretion standard.

The Bankruptcy Court held Kasden did not "fail to occupy" the property at issue. This finding was premised on its legal conclusion that "if circumstances compel an owner's removal from his homestead, that owner does not cease to occupy the homestead within the meaning of the statute and is not deemed to have abandoned it." Bank. Order at 8. The Bankruptcy Court explicitly stated this finding was "[p]ursuant to the cases applying the casualty theory." Bank. Order at 8. Thus, the Bankruptcy Court's conclusion is not a factual finding subject to review under the abuse of discretion standard as Respondent argues, but is a legal finding subject to *de novo* review by this Court.[2]

 The Bankruptcy Court made numerous findings of fact which reflect Kasden did not occupy his property during the six months following the fire. The Bankruptcy Court's order states following the fire "all of the utilities to the residence were shut off and the debtor made arrangements to live elsewhere." Bank. Order at 2. Furthermore, the Bankruptcy Court found Kasden was "forced to remove himself for more than six consecutive months from his homestead." Bank. Order at 3. There is no question Kasden ceased to occupy the property within the meaning of § 510.07.[3]

Thus, Kasden ceased to occupy his property following the fire, and failed to file the necessary notice as required by Minnesota Statute § 510.07. Because this Court finds the Minnesota Supreme Court would follow the Minnesota Court of Appeals decision in *Joy* there is no casualty exception available to Kasden to excuse his failure to file under § 510.07. The Court, therefore, will reverse the Bankruptcy Court's decision sustaining Kasden's claimed homestead exemption.

Accordingly, based upon a review of the files, records, and proceedings herein,

**IT IS ORDERED:**

1. The Order of the Bankruptcy Court sustaining Debtor's claimed homestead exemption is REVERSED.

2. The case is REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion.

---

**2.** Confusion over this issue may be due in part to the statement by the Bankruptcy Court that whether the debtor ceased to occupy the homestead within the meaning of § 510.07 was a question of fact. It is apparent to this Court the meaning of the phrase "cease to occupy" is a issue of law.

**3.** Notwithstanding the cases cited by Respondent stating § 510.07 does not require constant physical or personal presence on the property, *see, e.g., Quehl v. Peterson,* 47 Minn. 13, 16, 49 N.W. 390 (Minn.1891), the fact Kasden spent time at the property doing repairs and infrequently spent the night at the property does not constitute a sufficient connection with the property to support a finding of occupancy under the statute.