## S. M. BRAMAN AND ANOTHER v. JOHN P. WALL AND ANOTHER.[1]

June 27, 1941.

No. 32,916.

*George H. Niles,* for appellant.
*Jacob Garon,* for respondents.

[1]Reported in 299 N. W. 243.

STONE, JUSTICE.

Two cases consolidated for trial amount to one in replevin for three life insurance policies on the life of plaintiff S. M. Braman, who is the owner, subject to the lien and assignments hereinafter mentioned. The defendant sheriff appeals from the order denying his motion for amended findings or new trial. No one has been served or has appeared to take the seemingly unwanted role of defendant "John Doe."

It is admitted that the policies are exempt from execution. But long before they got into the hands of defendant sheriff, under a levy made by judgment creditors of Mr. Braman, they had been by him pledged to a bank as security for a loan which remains in large part unpaid. As is the habit with banks, the assignment of the policies was in form unconditional. With the policies, the Bramans pledged other chattels as additional security.

The judgment creditors garnished the bank, and on motion under statute, 2 Mason Minn. St. 1927, § 9376, paid it the amount of its debt. By force of the statute and the bank's receipt of the money due it, the paying creditors were subrogated to the rights of the bank as holder of the Braman notes and of the chattels, including the insurance policies, which had been pledged as security therefor. The policies, with the original assignments thereof from the Bramans and with additional assignments from the bank (in blank as to the assignee) were delivered to the clerk of the municipal court wherein the original judgment against the Bramans was procured. The sheriff then levied upon all of the pledged property, but that levy as to the insurance policies has been released. He retains possession of them, or did until service of the writ herein.

The sheriff not having taken the chattels from the possession of plaintiffs, he may under the general denial of his answer, prove that a third party is entitled to possession as against plaintiffs, even though plaintiff Braman owns the property subject to the right of the third party. Loomis v. Youle, 1 Minn. 150 (175);

Aultman & Taylor Co. v. O'Dowd, 73 Minn. 58, 75 N. W. 756, 72 A. S. R. 603; 54 C. J. p. 456.

■ It was error to order judgment for plaintiffs and against the sheriff. That is because, although the insurance policies were exempt from levy, they were and remain, so far as we can see, subject to the contract lien in favor of the bank, to the rights of which as creditor and pledgee the judgment creditors succeeded by subrogation when they paid the bank the amount of its claim.

The argument for plaintiffs is that the judgment creditors, in taking the assignment of its notes and the pledged collateral from the bank, were volunteers and so, under the rule of Beigler v. Chamberlin, 145 Minn. 104, 176 N. W. 49, cannot claim benefit of the security held by the bank insofar as it included the exempt insurance policies. That argument is sound in support of the proposition that the judgment creditors could not impose upon the exempt policies a lien additional to that which the owner, plaintiff Braman, had imposed thereon by his contract of pledge. But it is unsound insofar as it overlooks the fact that the bank, as pledgee, held the nonexempt chattels along with the insurance policies as security. All such chattels, including the insurance policies, were assigned by the bank when it got its money from the judgment creditors, and the bank's right of lien went to the latter accordingly.

So it appears that under the statute, 2 Mason Minn. St. 1927, § 9376, the judgment creditors took all the rights of the bank, including that to sell his insurance policies, if needed in order to make collection from plaintiff Braman. The latter doubtless, in case of forced sale of the pledged chattels, would have the right to insist that the nonexempt items be sold first and that the insurance policies be not sold unless and until it developed that the proceeds of the nonexempt collateral proved insufficient to pay the debt.

So far, we have discussed the matter as though judgment creditors of the plaintiffs, or one of them, were the only ones appear-

ing to have any interest in the property pledged to the bank, other than the right of ownership of plaintiff Braman. The record does not make it clear whether that is so or whether one James. B. Niles interposed as agent for the judgment creditors, or otherwise, to take over the bank's notes and the chattels pledged to secure their payment. At that point it may be immaterial who paid the bank or whose money was used for the payment. The decisive thing may be that the bank has assigned its notes and its pledged collateral. The result, so far as this record shows, is that the assignee, whoever he may be, seems to have the same right that the bank formerly had to resort to the pledged property to secure payment of the debt secured by the pledge.

Unlike Beigler v. Chamberlin, 145 Minn. 104, 176 N. W. 49, this is not the case of an unsecured creditor of the owner making redemption of a homestead from a mortgage foreclosure thereon. It is rather one where someone seems to have purchased the notes of plaintiffs along with the payee's right as pledgee of chattels securing the payment of such notes. There is no reason why in such case the assignee may not enforce the pledge as to all of the property which it covers, subject only to the owner's rights to prevent a sale of any exempt collateral until the proceeds of the nonexempt security are found insufficient to pay the debt.

Nothing said in the discussion is to be construed as enlarging the rights of mere volunteers. The trouble now is that the record fails to show that, in respect to the pledge, the bank got its money from a volunteer rather than an assignee.

We are unable to perceive why the assignee of the bank's notes and the pledge securing their payment did not intervene or, in default of that, why, either with or without motion, he was not impleaded. As the case stands between plaintiffs and the sheriff, a judgment either way would settle almost nothing. Not being party to the action, the bank's assignee would not be bound by the judgment which, with the litigation from which it results, would be just so much waste effort. If the assignee had inter-

vened or if he had been impleaded, the result would have been decisive of the whole matter. In such a case of needed but absent parties, the court is not helpless. It need not submit to the inertia or inattention of counsel. Intervention, as such, cannot be compelled. But needed parties may be impleaded. 2 Mason Minn. St. 1927, § 9181. That frequently needed step may be taken by the court on its own motion, under the penalty, for a plaintiff, of dismissal for noncompliance. Johnson v. Robinson, 20 Minn. 153 (170). See also Smith v. City of St. Paul, 65 Minn. 295, 68 N. W. 32.

The law and its administration are currently subject to much criticism rightly based upon such cases as this. That criticism, for this case, cannot justly be made of what the law offers by way of procedure. Rather, it should be directed solely to the failure of courts and counsel to make proper use of it. To put litigants to the expense of two lawsuits, to say nothing of the unnecessary burden on judicial machinery, where one will accomplish the result, is indefensible. It is the sort of circumlocution, resulting in avoidable trouble, expense, and delay, which explains why businessmen are inclined to avoid courts and lawyers. It encourages their resort to tribunals of their own devising. It is therefore suggested that, before the case is tried again, all claimants of the involved property be made parties to the case by intervention or impleader. If that is done, it will by so much be needed and intelligent self-serving "recognition of the high duty of bench and bar to hear and heed the voice of public opinion by eliminating delay and unwieldiness" in the judicial process. Gershenson, "Pre-trial Procedure," 26 Washington University L. Q. 348.

Because the record indicates an outstanding pledge of the property, securing a debt of plaintiffs which they have not paid and which deprives them of the right of possession until it is, the order is reversed. There must be a new trial. If there is one, it will be without prejudice to the merits by anything said herein. Because of the failure to bring in the party or parties needed for

a final determination of the issue as to all of them, appellant is denied statutory costs.

Reversed.